## Commonwealth v. Page

*J. Stroud Weber*, for Commonwealth.

KNIGHT, P. J., November 26, 1952.—Defendant, who was not represented by counsel, was charged with operating a motor vehicle after suspension or revocation of operating privilege and pleaded guilty.

After hearing the evidence, the hearing judge entertained some doubt as to his guilt so he treated the plea as one of nolo contendere, found defendant guilty and of his own motion allowed a motion in arrest of judgment in order that the case could be considered by the court en banc.

These are the facts: On July 4th of this year, a police officer of Lower Merion Township observed defendant operating a car on Lancaster Avenue in what the officer considered a reckless manner. The officer stopped defendant, who displayed a Virginia operator's license which was valid at the time. The officer permitted defendant to proceed. Later investigation disclosed that defendant had been convicted or pleaded guilty to operating an automobile without the consent of the owner in November of 1949 and the Secretary of Revenue of Pennsylvania suspended his operating privilege for a period of six months. Defendant never had an operator's license issued by the Commonwealth of Pennsylvania and never applied for one. On this statement of facts defendant was arrested and charged with operating a motor vehicle after suspension or revocation of operating privilege. The Act of May 1, 1929, P. L. 905, as amended, provides:

"It shall be unlawful for any person to commit any of the following acts: . . . (H) to operate any motor vehicle or tractor upon the highways of the Common-

wealth after the operating privilege is suspended or revoked, and before such operating privilege has been re-instated."

In the case of Commonwealth v. Krupa, 40 D. & C. 572, defendant was arrested for operating after his operator's license had been suspended or revoked. At the time he was operating his period of suspension or revocation had expired. This court held that under the section of The Vehicle Code above quoted, it was the duty of defendant to take some affirmative action to have his operator's privilege reinstated and if he failed to take such action and have his operating privilege reinstated, he was guilty of a violation of the above-quoted section.

If this defendant had a Pennsylvania operator's license which was suspended, his guilt would be clear. This defendant, however, never had a Pennsylvania operator's license and it seems quite obvious that the Secretary of Revenue of the Commonwealth of Pennsylvania could not suspend the operator's license issued by the State of Virginia which defendant held when he was arrested in 1949. Permission to operate an automobile on the highways of the Commonwealth is not a right but a privilege, as the words of the act declare.

This privilege is evidenced by a license issued by the Department of Revenue denominated as an operator's license.

Defendant held a Virginia operator's license when he was arrested in 1949 and by virtue of that license he was accorded the privilege of operating a motor vehicle in the Commonwealth and while the department could not suspend the Virginia license, it could suspend the privilege of operating on the highways of the Commonwealth and that suspension continued until the privilege was reinstated. For six months after the suspension defendant could not apply for an operator's

license in Pennsylvania, after the six months' period if he desired to operate a motor vehicle in Pennsylvania he was required to have his operating privilege reinstated by obtaining an operator's license in this Commonwealth.

In Commonwealth v. Krupa, supra, we said:

"It seems clear that the legislature intended to place those whose operating privileges had been suspended in a different class from those who never lost their operating privileges through suspension."

To hold this defendant not guilty would put him in the class of those whose operating privilege had never been suspended and subject him only to the much lighter penalty of operating without a license.

The question before us appears to have been set at rest by the Act of June 27, 1939, P. L. 1135, sec. 9, as amended, which provides:

"(b) The secretary may suspend the privilege of any person to apply for an operator's license or learner's permit after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence . . . (2) That such person has committed any violation of the motor vehicle or tractor laws of this Commonwealth."

To drive a motor vehicle without the consent of the owner is a violation of the motor vehicle laws of this Commonwealth and when defendant committed this violation in 1949, the Secretary of Revenue was authorized to suspend his operating privilege and did so suspend it.

The Legislature of Pennsylvania, since 1933 (see P. L. 555 of 1933) has taken progressive steps to protect the public against injury and damage caused by irresponsible operators of motor vehicles.

The latest act to accomplish this purpose is the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, as amended.

Section 17 (*a*) of the act provides that the Secretary of Revenue may suspend the license of any person upon receiving a record of conviction of a violation of the motor vehicle laws of the Commonwealth. The act further provides:

"(b) Such license and registration shall remain suspended or revoked and shall not at any time thereafter be renewed, nor shall any license be thereafter issued to such person, nor shall any motor vehicle be thereafter registered in the name of such person until permitted under the motor vehicle laws of this State, and not then, unless and until he shall give and thereafter maintain proof of financial responsibility.

"(c) If a person is not licensed but by final order or judgment is convicted of or forfeits any bail or collateral deposited to secure an appearance for trial for any offense, requiring the suspension or revocation of license, or for operating a motor vehicle upon the highways without being licensed to do so, or for operating an unregistered motor vehicle upon the highways, no license shall be thereafter issued to such person and no motor vehicle shall continue to be registered or thereafter be registered in the name of such person, until he shall give and thereafter maintain proof of financial responsibility.

"(d) Whenever the secretary suspends or revokes a nonresident's operating privilege by reason of a conviction or forfeiture of bail, such privilege shall remain so suspended or revoked unless such person shall have previously given or shall immediately give and thereafter maintain proof of financial responsibility."

There may be some question in this case whether defendant should be treated as a resident of Pennsylvania or Virginia but it makes no difference for if a resident of Pennsylvania, he falls within the scope of paragraph (*c*), supra, and if a nonresident, he comes within the purview of paragraph (*d*), supra.

Defendant has never applied for an operator's license in Pennsylvania nor has he established financial responsibility.

We therefore conclude that defendant was properly convicted.

And now, November 26, 1952, the motion in arrest of judgment is overruled and defendant is directed to appear in Room B on Friday, December 12, 1952, at 10 a.m. to receive the sentence of the court.